### WHITE v. McGARRY et al.

#### (Circuit Court, W. D. Michigan. February 26, 1880.)

1. **MORTGAGES—LIEN—SUBSEQUENT PURCHASER—NOTICE.**
   In an action to foreclose a mortgage on lands in the hands of a subsequent purchaser, the purchaser makes a *prima facie* case of want of notice of the mortgage by showing that the same has not been recorded, and the burden is then thrown on plaintiff to show that the purchaser either had actual notice of the mortgage, or of circumstances which should have put him upon inquiry respecting its existence.

2. **SAME—PURCHASER BY QUITCLAIM DEED.**
   The rule that a purchaser by a quitclaim deed is not to be regarded as a *bona fide* purchaser without notice of a prior incumbrance has no application where the registry laws require the recording of such incumbrance in order to make it a lien on lands in the hands of a subsequent purchaser.

3. **VENDOR AND VENDEE—BONA FIDE PURCHASER—CONVEYANCE BY QUITCLAIM.**
   The fact that a purchaser accepts a conveyance by quitclaim deed should be taken into consideration in determining whether or not he was a *bona fide* purchaser, but it is not sufficient, standing alone, to charge him with notice of an infirmity in his grantor's title.

4. **SAME—PAYMENT OF PURCHASE MONEY.**
   In order to entitle a purchaser of lands to the defense of a *bona fide* purchaser without notice of a prior unrecorded incumbrance, he must have paid the purchase money for such lands.

In Equity. Suit to foreclose a mortgage.

*Stuart & Sweet* for complainant.

*Blair, Stone & Kingsley,* for defendant Baker.

WITHEY, J. The case is one for the foreclosure of a mortgage given by James McGarry and wife to complainant, of date January 18, 1869, on the N. W. ¼ and the N. W. ¼ of the S. W. ¼ of section 25, in town 5 N., of range 10 W., covering 200 acres, and to secure the sum of $2,000, interest at 10 per cent. In recording the mortgage, March, 13, 1869, the record was made to describe the quarter section as the "northeast quarter," instead of the "north-west quarter," as written in the mortgage. On the 8th day of April, 1876, McGarry and wife, who resided on the premises in the township of Caledonia, exchanged the said N. W. ¼ covered by the mortgage, with defendant George C. Baker, who resided at Stanton, in Montcalm county, Mich., for other premises; McGarry and wife conveying to Baker the 160 acres by quitclaim deed, Baker also conveying to them the property which they were to receive. The deed to Baker was recorded the same day, and he went into possession a few days thereafter. On the 200 acres was another mortgage to W. D. Foster, given subsequent to the one to complainant, amounting to about $2,400. Baker defends against complainant's mortgage on

the ground that he had no notice, actual or constructive, of its existence. The testimony is conflicting. It may be said that complainant's evidence, standing alone, makes out a case of actual notice to Baker. On the other hand, it can also be said that the evidence on the part of defendant Baker, considered by itself, establishes the fact that he had no notice whatever, until after he had paid to McGarry and wife the entire purchase price going to them. He bought subject to the Foster mortgage, which he assumed to pay. The evidence cannot be reconciled upon the question whether defendant Baker, prior to the exchange of deeds and entry into possession, had such notice as put him upon inquiry concerning complainant's mortgage.

It will subserve no useful purpose in this opinion to enter upon any extended review of the testimony. When complainant produced his mortgage, the burden of proof was on defendant Baker to make a *prima facie* showing that he had neither actual nor constructive notice of any such incumbrance. This he did by proving that the public records of the county disclosed no record of such mortgage. He had a right to rely upon the records. The burden of proof was then cast upon complainant to show either that Baker had actual notice of complainant's mortgage, or that which put him upon inquiry in reference to it. Whatever may be said of the testimony, it cannot be reconciled and applied so as to afford a solution of the difficulty, and we are forced to the conclusion that complainant has failed to make a case that Baker had notice either of the existence of complainant's mortgage, or of anything to put him upon inquiry.

It is insisted that, as Baker was a purchaser by quitclaim deed, he is not to be regarded as a *bona fide* purchaser without notice; that a quitclaim passes the title as the grantor held it, and the grantee occupies the same relation to the property as did the grantor. To support this view we are referred to *Oliver* v. *Piatt*, 3 How. 410; *May* v. *Le Claire*, 11 Wall. 232; *Villa* v. *Roderiguez*, 12 Wall. 338. We have considered the effect of the rule laid down in the cases referred to, and are of the opinion that in neither of them did the court intend to lay down the broad doctrine asserted by complainant's counsel. The question of the effect produced by recording laws is not touched by either of the decisions. In transactions where no question of recorded titles is involved, the rule to which reference has been made would apply, but in our opinion it does not apply when there are recording laws. The statutes of Michigan provide that "every conveyance of real estate which shall not be recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, whose conveyance shall be first duly recorded." 2 Comp. Laws, § 4231. The term "conveyance" is declared to embrace every instrument by which any estate or interest in land is created, aliened, mortgaged, or assigned. Section 4237. Again, section 4205 says: "A deed of quitclaim and release, of the form in common use, shall be sufficient to pass all the estate which the grantor could lawfully convey by a deed of bargain and sale." That a purchaser accepts a conveyance by a quitclaim deed is a fact that may, and should, be taken into considera-

tion, in determining whether he was a *bona fide* purchaser without notice. It is not believed to be the law that the mere fact that one takes by a quitclaim deed establishes that he is not a *bona fide* purchaser. A conveyance by quitclaim, like that by warranty deed, carries the title which the grantor can lawfully convey, and the grantee may rely upon the public records when he has no notice of an infirmity in his grantor's title, and pays a valuable consideration. The covenants of warranty in a deed are contracts by which the grantor becomes liable in case of failure or defect in title, though such deed will no more convey title when the grantor had none than will a deed of quitclaim. It is not seen why one who purchases by a quitclaim deed has not as much right to rely upon the record of titles as though he took by a warranty. If the cases cited by plaintiff's counsel touch this question, still we are unwilling they should control the case we are considering. To do so would, in our opinion, extend them beyond the facts upon which they rest.

We agree to the view urged by counsel, that one who takes merely a release of the interest of the mortgagor, whose unrecorded mortgage is outstanding, obtains only the equity of redemption subject to such mortgage. 1 Jones, Mortg. § 598; *Eaton* v. *Trowbridge*, Mich. Lawyer, April, 1878, p. 343. The rule is, also, that the purchase money must have been paid at the time of the discovery of plaintiff's unrecorded mortgage, in order to constitute Baker a *bona fide* purchaser. Baker, at the time he learned of the existence of plaintiff's mortgage, had paid the purchase price going to McGarry by a conveyance of his property. The incumbrance subject to which he bought, Baker had in part paid, and he was therefore not in condition to be placed *in statu quo*. There is nothing to show that he could receive back what he had parted with, or be made whole.

Complainant is entitled to the usual decree of foreclosure and sale as to 40 acres, described as the N. W. ¼ of the S. W. ¼ of section 25, in town 5 N., of range 10 W.; but the 160 acres described as the N. W. ¼ of the same section will not be included in the decree.